**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| John Ford and Deidre L. Godycki | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER FOR DISMISSAL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Mary Hermanson, personally and in her official | ) | Case No. 4:10-cv-068 |
| capacity; Mary Jane Blanchfield, personally and in | ) | |
| her official capacity; Carol K. Olson, personally | ) | |
| and in her official capacity; Rachael Bartz, | ) | |
| personally and in her official capacity; | ) | |
| Kathleen Cummings, personally and in her official | ) | |
| capacity; and Does 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is Defendant Carol K. Olson's motion to dismiss filed on October 13, 2010.

See Docket No. 18.  The Plaintiffs filed a response in opposition to Olson's motion on November

4, 2010.  See Docket No. 24.  Olson filed a reply brief on November 9, 2010.  See Docket No. 26.

Also before the Court is Defendant Mary Hermanson's motion to dismiss filed on November 15,

2010.  See Docket No. 32.  The Plaintiffs filed a response on December 6, 2010.  See Docket No.

35.  In addition, Defendant Rachael Bartz filed a motion to strike Plaintiffs' claim for exemplary

damages on December 9, 2010, and Defendant Kathleen Cummings filed a motion to dismiss on

December 10, 2010.  See Docket Nos. 37 and 39.  For the reasons set forth below, the case is

dismissed.


**I.      BACKGROUND**

The Plaintiffs, John Ford and Deidre L. Godycki, are a married couple living in Pierce

County, North Dakota.  They adopted a child, J.F., in July of 2000.  Pierce County Social Services

removed J.F. from the Plaintiffs' custody in October of 2004 after a finding by the Pierce County Juvenile Court that J.F. was an unruly and deprived child. The Plaintiffs appealed and the North Dakota Supreme Court summarily affirmed the juvenile court. See In re J.F., 709 N.W.2d 21 (N.D. 2005). J.F. was in the custody of Pierce County until May 27, 2007, when J.F. turned eighteen.

Defendant Carol K. Olson is the Executive Director of the North Dakota Department of Human Services. Defendant Mary Hermanson is the Director of Pierce County Social Services. Defendant Mary Jane Blanchfield is a social worker employed by Village Family Service Center in Devils Lake, North Dakota. Defendant Rachel Bartz is a social worker employed by PATH North Dakota in Fargo, North Dakota. Defendant Kathleen Cummings is a foster parent with PATH North Dakota. PATH North Dakota is a private non-profit corporation licensed to provide foster care services by the North Dakota Department of Human Services.

In February of 2008 the Plaintiffs, acting pro se, sued the Defendants in their official capacities in state court alleging child deprivation, criminal defamation, disclosure of confidential information, social worker malpractice and fraud. See Docket No. 19-1. All the claims related to the removal of J.F. from the Plaintiffs' custody, and the treatment and supervision of J.F. while she was in the custody of the Defendants. The Plaintiffs attempted to amend their complaint to add a federal civil rights claim against Hermanson and Blanchfield but that motion was denied. See Docket No. 33-3. The state court dismissed the case in June of 2010. See Docket Nos. 1, p. 3, 19-2 and 33-1. The Plaintiffs never appealed from the order of dismissal nor appealed any other orders issued by the state court.

The current case was filed on September 13, 2010. See Docket No. 1. The Plaintiffs are again acting pro se. The complaint contains a federal civil rights claim for relief under 42 U.S.C. § 1983. The Plaintiff's contend that their due process and other constitutional rights, including the right to control their child's religious upbringing, were violated by the decision to remove J.F. from

2

their custody.  They cite violations of the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.  In addition, the complaint contains state law claims for negligence, negligent supervision, negligent training, negligent infliction of emotional distress, and a claim captioned "outrageous conduct."  The action is brought against the Defendants in both their official and personal capacities.  The Plaintiffs seek compensatory damages, exemplary damages, and attorney fees.  In addition, the Plaintiffs seek injunctive relief against Defendant Olson and the State of North Dakota prohibiting them "from placing any child in a religiously run, state funded child care facility which violates a parents rights to choose the religious teachings of their child."  See Docket No. 1 (error in original).

II.     **LEGAL DISCUSSION**

In her motion to dismiss, Defendant Olson argues the claims against her fail based upon the Plaintiffs' lack of standing, res judicata, failure to state a claim, and Eleventh Amendment immunity. Defendant Hermanson seeks dismissal based upon res judicata and qualified immunity.  Defendant Cummings argues dismissal is appropriate because the complaint fails to state a claim, she is not a state actor for purposes of 42 U.S.C. § 1983, and the action is barred by the doctrines of res judicata and collateral estoppel.  A review of the motions to dismiss has led the Court to question whether it has subject matter jurisdiction over the Plaintiffs' federal civil rights claim given their repeated contentions in the complaint that the state court proceedings, which removed J.F. from their custody, violated their constitutional rights.

A.     **THE FEDERAL CIVIL RIGHTS CLAIM**

Lower federal courts are generally prohibited from reviewing state court judgments because 28 U.S.C. § 1257(a) reserves this power to the United States Supreme Court.  D.C. Court of Appeals

3

v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This prohibition is referred to as the Rooker-Feldman doctrine. The United States Supreme Court in Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280 (2005) clarified the extent of the Rooker-Feldman prohibition, stating:

> The Rooker-Feldman doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

Exxon Mobil Corp., 544 U.S. at 284. Thus, it is well-established under the Rooker-Feldman doctrine that if a litigant has raised and lost claims in state court, he/she may not recast those claims in a federal civil rights action under 42 U.S.C. § 1983 and simply try again. The proper steps to take are to follow the appellate procedure through the state courts and seek review before the United States Supreme Court. Because the Rooker-Feldman doctrine is jurisdictional it may be raised *sua sponte*. Johnson v. City of Shorewood, Minn., 360 F.3d 810, 818 (8th Cir. 2004); Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000).

The Eighth Circuit has specifically cautioned that state court losers should not seek victory against their adversaries by filing a federal civil rights action in federal court. Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 754 (8th Cir. 2010). It is clear that if the federal action requires determining that the state court decision is wrong or would void the state court's ruling, then the issues are inextricably intertwined and the district court has no subject matter jurisdiction to hear the suit. Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995).

This case falls squarely within Rooker-Feldman's prohibition against lower federal courts reviewing state court judgments given that: (1) the Plaintiffs did not prevail in the original state

juvenile court proceedings and the subsequent appeal to the North Dakota Supreme Court; (2) the Plaintiffs filed this case only after the entry of judgment in the state court proceedings in which they attempted to assert federal civil rights claims; (3) the Plaintiffs failed to appeal the state court order dismissing their case in June 2010, and failed to appeal any of the preliminary orders entered in that companion state court case; and (4) the Plaintiffs now request that the federal court declare the state court judgment removing J.F. from their custody unconstitutional, and grant them relief in the form of monetary damages and injunctive relief.  Exxon Mobil Corp., 544 U.S. at 284; see Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 87-88 (2nd Cir. 2005) (explaining in a hypothetical that if a state has taken custody of a child pursuant to a state court judgment that the Rooker-Feldman doctrine prohibits an aggrieved parent from bringing suit in federal court on grounds the removal violated his or her federal substantive due process rights as a parent because in doing so the parent would be complaining of an injury caused by the state court judgment and effectively seeking its reversal).

The Court finds that any ruling in this case to the effect that the Plaintiffs' constitutional rights were violated by the removal of J.F. from their custody would wholly undermine the judgment of the Pierce County Juvenile Court and the North Dakota Supreme Court which upheld the removal in 2005.  See In re J.F., 709 N.W.2d 21 (N.D. 2005).  Such a ruling would also require this court to address not only the merits of the original juvenile proceeding in state court but also address the merits of the second state court lawsuit filed by the Plaintiffs in February 2008.  This second lawsuit was ultimately dismissed by the state district court and never appealed by the plaintiffs to the North Dakota Supreme Court.  The only avenue of federal review in this dispute would have been for the Plaintiffs to seek a writ of certiorari from the United States Supreme Court after the North Dakota Supreme Court issued its ruling in 2005, and/or appeal the dismissal of the Plaintiffs' state court action which was commenced in February 2008, and dismissed in June 2010.  The Plaintiff's failed

to pursue either avenue of relief.  See 28 U.S.C. § 1257 (providing for United States Supreme Court review of final judgments issued by the highest court of any State).  A failure to pursue either avenue of appellate review divests this Court of subject matter jurisdiction.  The Court finds, based upon the application of the Rooker-Feldman doctrine and as a matter of law, that the federal court lacks subject matter jurisdiction over the Plaintiffs' federal civil rights claim brought pursuant to 42 U.S.C. § 1983.

### B.    STATE LAW CLAIMS

In addition to the federal civil rights claim, the complaint contains state law claims for negligence, negligent supervision, negligent training, negligent infliction of emotional distress, and "outrageous conduct."  The Court has determined that the federal court does not have jurisdiction over the federal civil rights claim.  As such, federal question jurisdiction abates.  Dodson, 601 F.3d at 756.

A court may decline to exercise supplemental jurisdiction once it has dismissed all claims over which it has federal question jurisdiction.  28 U.S.C. § 1367(c)(3); Packett v. Stenberg, 969 F.2d 721, 726-27 (8th Cir. 1992).  The Eighth Circuit has counseled that when state and federal claims are joined in one lawsuit and all federal claims are dismissed, the state claims are ordinarily dismissed without prejudice in order to avoid needless decisions of state law, conserve federal judicial resources which are scarce as compared to the states, and as a matter of comity.  Gregoire v. Class, 236 F.3d 413, 419 (8th Cir. 2000).  Because this case is in its very early stages and the

federal district courts have broad discretion in such matters, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  28 U.S.C. § 1367(c)(3).[1]


III.    **CONCLUSION**

Accordingly, the Plaintiffs' federal civil rights claim under 42 U.S.C. § 1983 is **DISMISSED** with prejudice.  The Plaintiffs' state law claims are **DISMISSED** without prejudice.  Defendant Carol K. Olson's motion to dismiss (Docket No. 18), Defendant Mary Hermanson's motion to dismiss (Docket No. 32), Defendant Rachel Bartz's motion to strike the claim for exemplary damages (Docket No. 37), and Defendant Kathleen Cummings' motion to dismiss (Docket No. 39) are **DENIED** as moot.

**IT IS SO ORDERED**.

Dated this 15th day of December, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court

---

[1]In declining to address the supplemental state law claims the Court would note that it appears the state law claims are barred by the doctrine of res judicata.  The Plaintiffs have previously and unsuccessfully sued the Defendants in state court, although that suit was brought against the Defendants in their official capacities.  See Ungar v. N.D. State Univ., 721 N.W.2d 16, 20-21 (N.D. 2006) (noting a prior judgment is conclusive not only as to claims raised but those that could have been raised and applying an expanded definition of privity).  However, whether res judicata bars the state law claims is best left for a state court to resolve.